FILED
DEC 23 2013

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| RICHARD LITSCHEWSKI, | CIV 13-1013 |
| Petitioner, | |
| -vs- | ORDER |
| ROBERT DOOLEY, Warden, and MARTY JACKLEY, Attorney General of the State of South Dakota, | |
| Respondents. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Petitioner was convicted in 1997 of first degree rape (Count I - occurring in 1991), third degree rape (Count II - occurring in 1989), and sexual contact with a child (Count III - occurring in 1996). He was sentenced by a state court judge to consecutive sentences of 7 ½ years, 12 ½ years, and 7 ½ years, totaling 27 ½ years.

In 2010, petitioner filed a motion to vacate or modify an illegal sentence in state court pursuant to South Dakota Rule of Criminal Procedure 35, SDCL 23A-31-1 ("[a] court may correct an illegal sentence at any time"). The state court denied the motion. The South Dakota Supreme Court reversed, finding that it was illegal to impose a sentence for Count II to run consecutive to the Count I sentence for an offense that occurred later in time. State v. Litschewski, 807 NW2d 230 (SD 2011). The sentences were vacated and the case was remanded.

Upon resentencing in June 2012, the state court judge modified petitioner's sentence by simply re-ordering the counts of conviction. Thus, petitioner was sentenced to 12 ½ years on Count II, 7 ½ years on Count I, to run consecutive to the sentence for Count II, and 7 ½ years on Count III, to run consecutive to the sentences for Counts II and I. The total sentence was again 27 ½ years. Petitioner appealed and the South Dakota Supreme Court summarily affirmed the sentence imposed. State v. Litschewski, 832 NW2d 489 (Table) (SD April 29, 2013).

Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 contending that the reimposition of a sentence for Count II constitutes double jeopardy. Petitioner contends that he had already served the 7 ½ year sentence for Count I prior to resentencing and that he cannot be resentenced to serve that portion of his sentence concurrently and after serving his current 12 ½ year sentence for Count I. Respondents have filed a motion to dismiss the petition.

**I. Timeliness of Petition.**

Pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1), a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The one year period of limitations begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Respondents argue that the period of limitations in this matter began to run upon the conclusion of the original direct review of the 1997 convictions and sentences rather than upon the conclusion of the direct review of the 2012 sentences imposed following the granting of collateral relief. In other words, the period of limitations expired before petitioner was allegedly illegally resentenced. Respondents did not advise the Court of the considerable authority to the contrary.

The United States Court of Appeals for the Eleventh Circuit has held that the statute of limitations begins to run from the date of the judgment petitioner seeks to challenge, in this case

2

the judgment on resentencing. *See* Hepburn v. Moore, 215 F.3d 1208, 1209 (11th Cir. 2000). The Sixth Circuit has also held that "the one-year statute of limitations begins to run on a habeas petition that challenges a resentencing judgment on the date that the resentencing judgment became final, rather than the date that the original conviction became final." Linscott v. Rose, 436 F.3d 587, 591 (6th Cir. 2006). "The plain language of AEDPA dictates this result where the 'judgment' being challenged is the resentencing judgment." *Id.*

In Burton v. Stewart, 549 U.S. 147, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007), the United States Supreme Court held that when interpreting the AEDPA's language "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," the term "judgment" refers to the sentence imposed. "Final judgment in a criminal case means sentence. The sentence is the judgment." Burton v. Stewart, 549 U.S. at 156, 127 S.Ct. at 798 (*quoting* Berman v. United States, 302 U.S. 211, 212, 58 S.Ct. 164, 82 L.Ed. 204 (1937)). The Eleventh Circuit subsequently cited that language and held, consistent with its earlier opinions, that "the judgment to which AEDPA refers is the underlying conviction and most recent sentence that authorizes the petitioner's current detention." Ferreira v. Secretary, Dept. of Corrections, 494 F.3d 1286, 1292 (11th Cir. 2007).

I find no decision from the Eighth Circuit concerning the application of the AEDPA's statute of limitations to claims arising out of resentencing following state court collateral review. I find, however, that the United States Supreme Court's decision in Burton v. Stewart controls. Petitioner is seeking to challenge the 2012 sentences. The 2012 sentences were not imposed following reversal on direct review but instead were imposed following reversal on collateral review. Nonetheless, it is the 2012 sentences for the 1997 convictions under which the petitioner is currently being held in state custody. The motion to dismiss on the basis that the petition is untimely should be denied.

## II. Failure to State a Claim.

Respondents contend that the petition raises only state law claims. A federal writ of habeas corpus can be granted if a prisoner is "in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the

3

United States." 28 U.S.C. § 2254(a). Respondents argue that petitioner does not have a constitutional right to avoid having counts rearranged at sentencing.

A fair reading of petitioner's claim is that, on the date of resentencing, the sentence for Count I had already expired. Therefore, upon resentencing, it was a violation of the Double Jeopardy Clause to reimpose a 7 ½ year sentence for Count I and make it consecutive to the term of imprisonment reimposed for Count II.

In essence, petitioner seeks a windfall of sorts. His total sentence as originally imposed was 27 ½ years. His total sentence as reimposed is 27 ½ years. He contends that he served and discharged his sentence on Count I in 2002. He therefore contends he could only be resentenced on Counts II and III. Since Count II could not be consecutive to Count I it must run concurrently. He thus seeks a result that his total sentence would be 20 years.

The Double Jeopardy Clause prohibits "a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense." Dep't of Revenue v. Kurth Ranch, 511 U.S. 767, 769 n. 1, 114 S.Ct. 1937, 1941 n. 1, 128 L.Ed.2d 767 (1994). Petitioner contends that, as a result of the reimposition of the sentence on Count I to run consecutive to Count II, he will serve the sentence for Count I again, that sentence already having expired.

Petitioner's claim that the 2012 judgment amounted to a renumbering of the indictment in violation of South Dakota law does not raise a federal constitutional claim and is therefore not cognizable in this § 2254 proceeding. Estelle v. McGuire, 502 U.S. 62, 68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). However, he has raised a cognizable Double Jeopardy Claim as to the sentence already served for Count I.

The motion to dismiss for failure to raise a federal constitutional claim should be denied.

### III. Exhaustion of State Court Remedies.

The record does not show that petitioner filed a petition for a writ of habeas corpus in state court, pursuant to SDCL 21-27-1, challenging the 2012 sentences. The requirement of exhaustion of state court remedies prior to bringing federal habeas corpus claims set forth in 28 U.S.C. § 2254(b) and (c) codifies the doctrine of comity. Powell v. Wyrick, 657 F.2d 222, 223 (8th Cir. 1981). "The exhaustion requirement has as its purpose giving state courts 'the first

4

opportunity to review federal constitutional issues and to correct federal constitutional errors made by the state's trial courts.'" Smittie v. Lockhart, 843 F.2d 295, 296-97 (8th Cir. 1988).

Failure to exhaust state court habeas remedies amounts to a procedural default. The State's failure to advance a procedural default argument results in waiver of the default. Jones v. Norman, 633 F.3d 661, 666 (8ty Cir. 2011), Robinson v. Crist, 278 F.3d 862, 865 (8th Cir. 2002). The exhaustion requirement is also waived if there is an absence of state court remedies or if circumstances exist that render such process ineffective to protect the rights of the applicant. 28 U.S.C. § 2254(b)(1)(B)(i) and (ii). The United States Court of Appeals for the Eighth Circuit has set forth a four part test to determine whether a petition may be considered when petitioner has failed to present his claims to the state court.

> First, we determine whether the claim was in fact "fairly presented" to the state courts as required by 28 U.S.C. § 2254(b). Then, if the claim was not fairly presented, we determine whether "the exhaustion requirement has nonetheless been met because there are no 'currently available, non-futile state remedies', through which the petitioner can present his claim." If there are no available state remedies, the final two steps of the analysis involve determinations of whether petitioner can show adequate cause for failing to raise the claim and actual prejudice resulting from the state court's failure to consider the claim. "The petition must be dismissed unless the petitioner succeeds at each stage of the analysis."

Snell v. Lockhart, 14 F.3d 1289, 1296-97 (8th Cir. 1994) (internal citations omitted). *See also* Smittie v. Lockhart, 843 F.2d at 296.

The 2012 sentences were the result of state court proceedings pursuant to S.D. Rule Crim. P. 35, a rule that is in the nature of post-conviction relief. The Rule 35 proceeding was successful in that the South Dakota Supreme Court ruled that the defendant's sentences violated South Dakota law and that he must be re-sentenced. Petitioner was resentenced. He filed a direct appeal of that sentence to the South Dakota Supreme Court raising, *inter alia*, the claim that the re-ordering of the sentences resulted in a violation of the Double Jeopardy Clause because he had already served the sentence on Count I. The South Dakota Supreme Court summarily affirmed. Thus, the Double Jeopardy claim was fairly presented to the South Dakota Supreme Court. It would be futile and a waste of judicial resources to raise that issue again before the South Dakota Circuit Court.

### IV. Appointment of Counsel.

Petitioner has "neither a constitutional nor statutory right to counsel in habeas proceedings; instead, it is committed to the discretion of the trial court." Morris v. Dormire, 217 F.3d 556, 558 (8th Cir. 2000). "The standard for appointment of counsel in § 1915(d) cases is whether both petitioner and the court would benefit from the assistance of counsel." Nachtigall v. Class, 48 F.3d 1076, 1081 (8th Cir. 1995). Whether the sentence imposed in 2012 constitutes Double Jeopardy is somewhat legally complex. The appointment of counsel is appropriate in this case.

Now, therefore,

**IT IS ORDERED:**

1. Respondent's motion, Doc. 9, to dismiss is denied.

2. Petitioner's motions, Docs. 8 and 11, for the appointment of counsel are granted.

3. Petitioner's motion, Doc. 12, to extend the time to reply is denied as moot.

4. Pursuant to the compensation provisions of 18 U.S.C. § 3006A, attorney Marshall Lovrien, is appointed to represent petitioner, Richard Litschewski. Counsel shall file an amended petition for a writ of habeas corpus.

4. The respondent shall serve and file an answer or responsive pleading to the second amended petition, together with a legal brief or memorandum in support thereof, on or before thirty days following the filing of the second amended petition.

Dated this 23rd day of December, 2013.

BY THE COURT:

_Charles B. Kornmann_
CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _Barbara J. Poeppe_
        DEPUTY
(SEAL)