

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

RICHARD LITSCHEWSKI,

                  Petitioner,

   -vs-

ROBERT DOOLEY, Warden, and
MARTY JACKLEY, Attorney General
of the State of South Dakota,

             Respondents.

CIV 13-1013 CBK

ORDER

## INTRODUCTION

Petitioner was convicted in 1997 for Count I, third degree rape which occurred in 1991, Count II, first degree rape which occurred in 1989, and Count III, sexual contact with a child which occurred in 1986. He was originally sentenced to 7 1/2 years on Count I, 12 1/2 years on Count II, and 7 1/2 years on Count III, all counts to run consecutively, for a total sentence of 27 1/2 years. Pursuant to SDCL 23A-27-4, a separate judgment was entered for each conviction.

Petitioner completed the first 7 1/2 years of his sentence in 2004. In 2010, he sought state habeas review of his sentence on Count II on the basis that, when his sentence was imposed, a South Dakota statute allowed consecutive sentences only for *subsequent* offenses. SDCL 22-6-6.1 (1983). Because Count II occurred first in time, the 12 1/2 year sentence could not legally run consecutive to the 7 1/2 year sentence. Although his habeas petition was denied by the Circuit Court, the South Dakota Supreme Court held that "the circuit court lacked the authority

to order Litschewski's sentence for Count II to run consecutive to Count I." State v. Litschewski, 807 NW2d 230, 235 (SD 2011). The South Dakota Supreme Court granted the petition and remanded for resentencing.

Upon resentencing on June 14, 2012, petitioner argued that the word "consecutive" in the Count II judgment was illegal and, therefore, the Circuit Court should simply amend the judgment to remove the consecutive nature of the sentence on Count II. The State argued that the Circuit Court should instead re-order the counts, leaving the sentences the same. The Circuit Court agreed with the State and imposed a sentence of 12 ½ years on Count II, 7 ½ years on Count I consecutive to Count II, and 7 ½ years on Count III, consecutive to the other two sentences, totaling 27 ½ years imprisonment.[1] Separate judgments were entered as to each count.

Petitioner appealed the 2013 judgments on the basis, *inter alia*, that resentencing the petitioner on Count I violated the Double Jeopardy Clause. The South Dakota Supreme Court affirmed without a decision on April 29, 2013 (Docket No. 26531).

It could be questioned whether the Double Jeopardy Clause claim was adjudicated on the merits in state court so that it is entitled to deference. "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Harrington v. Richter, 562 U.S. 86, 131 S.Ct. 770, 784-85, 178 L.Ed.2d 624 (2011).

---

[1] The transcript of the May 22, 2012, hearing reflects that Litschewski appeared by telephone when the Circuit Court pronounced the new sentence.

This presumption is proper in the present case because Litschewski clearly presented the claim and has offered no argument to overcome the presumption. I find that the state court did adjudicate the Double Jeopardy Clause claim on the merits.

Petitioner filed the instant petition pursuant to 28 U.S.C. § 2254 challenging the 2012 sentences. Counsel was appointed and an amended petition (Doc. 26) was filed on behalf of petitioner, claiming the 2012 sentence on Count I violated the Double Jeopardy Clause.

There is no claim that petitioner has not exhausted his state remedies.

## DECISION

Pursuant to 28 U.S.C. § 2254(d), petitioner's application cannot be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court," or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." "[D]etermining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning." Harrington v. Richter, 131 S.Ct. 770, 784 (2011).

> Under § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court . . . It bears repeating that even a strong case for relief does not mean the state court's contrary

> conclusion was unreasonable . . . As amended by
> AEDPA, § 2254(d) stops short of imposing a
> complete bar on federal court relitigation of claims
> already rejected in state proceedings . . . Section
> 2254(d) reflects the view that habeas corpus is a
> "guard against extreme malfunctions in the state
> criminal justice systems," not a substitute for
> ordinary error correction through appeal.

Harrington v. Richter, 131 S.Ct. at 786.

The facts are not at issue. The only issue is whether the imposition of the sentence for Count I in 2012 constituted a violation of the Double Jeopardy Clause.

The Fifth Amendment's Double Jeopardy Clause prohibits "a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense." Dep't of Revenue v. Kurth Ranch, 511 U.S. 767, 769 n. 1, 114 S.Ct. 1937, 1941 n. 1, 128 L.Ed.2d 767 (1994). The guarantee against double jeopardy serves as a restraint on courts from imposing more than one punishment for the same offense. Brown v. Ohio, 432 U.S. 161, 165, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187 (1977). The Double Jeopardy Clause further protects the accused from "attempts to secure additional punishment after a prior conviction and sentence." Brown v. Ohio, 432 U.S. at 166, 97 S.Ct. at 2225.

Petitioner sought relief under SDCL 23A-31-1, the equivalent to Fed. R. Crim. P. 35. The South Dakota Supreme Court has held that a trial court may not use SDCL 23A-31-1 to increase the length of a sentence. State v. Tibbetts, 333 NW2d 440, 441 (SD 1983), accord, State v. Thayer, 713 NW2d 608, 613 (SD 2006). That statute allows the correction of an illegal sentence at any time. Id. Thus, petitioner's claim, first raised over ten years after the imposition of sentence, that the

consecutive nature of Count II was illegal was timely. However, the subsequent resentencing on Count I, making it consecutive to Count II, was arguably not authorized since the original sentence on Count I was not illegal at the time it was imposed in 1997.

It is a well-established rule in South Dakota that "as against an unwilling defendant, a valid sentence cannot be increased in severity after he has commenced the serving thereof." State v. Hughes, 62 SD 579, 585, 255 NW 800, 802 (1934), partially cited with approval, State v. Sieler, 554 N.W.2d 477, 480 (S.D. 1996). Under South Dakota law, once a defendant is sentenced and is in the custody of the executive branch, the defendant has a right to not have the sentence enhanced. State v. Sieler, 554 NW2d 477 (SD 1996).

Petitioner was sentenced to 7 1/2 years custody on Count I. He did not challenge that sentence and the South Dakota Supreme Court did not consider the legality of that sentence. Upon remand, the circuit court resentenced petitioner on Count I, making that sentence consecutive to the sentence on Count II. In that respect, the sentence on Count I was increased without the petitioner's consent, arguably after he had already served the sentence imposed on Count I.

While it appears that petitioner's increased sentence on Count I violated state law, federal habeas corpus relief does not lie to correct mere errors of state law.

Neither party has cited any case directly on point. I have examined United States Supreme Court precedent from over the last 140 years.

In Ex Parte Lange, 85 U.S. 163, 18 Wall 163, 21 L.Ed. 872 (1873), the Supreme Court granted a petition for a writ of habeas corpus based upon a violation of double jeopardy. Lange was convicted of theft of mail bags, a crime carrying a maximum penalty of one year imprisonment *or* a

5

$200 fine.  He was sentenced to one year imprisonment *and* a $200 fine.
Lange paid the fine and had served five days imprisonment when he was
brought back to court, his former sentence vacated, and he was
sentenced to one year imprisonment.  The Supreme Court discharged
Lange because Lange "had fully suffered one of the alternative
punishments to which alone the law subjected him, the power of the
court to punish further was gone."  Ex Parte Lange, 85 U.S. at 176.  To
impose another punishment on the same verdict punished him twice for
the same offense.  *Id*. at 175.

In 1900, the United States Supreme Court considered an appeal
after resentencing in Murphy v. Massachusetts, 177 U.S. 155, 20 S.Ct.
639, 44 L.Ed. 711 (1900).  In that case, Murphy was sentenced in 1896
pursuant to an 1895 statute for embezzlement crimes that were
committed in 1892-93.  After serving two years in the state penitentiary
towards his ten to fifteen year sentence, he challenged his convictions
and sentence.  His sentence was reversed by the Supreme Judicial Court
of Massachusetts because it was imposed *ex post facto*.  Upon remand,
he was resentenced in 1899 under the law in effect at the time of the
offenses to just short of ten years.  He challenged the new sentence as
having been imposed in violation of double jeopardy.

The United States Supreme Court noted that, although the original
sentence was set aside at Murphy's behest, the conviction was not
impugned and the judge merely rendered the sentence that should have
been imposed in the first place.  Murphy v. Massachusetts, 177 U.S. at
157, 20 S.Ct. at 640.  Murphy was not a case in which the court imposed
"a second or additional sentence for the same offense, or to substitute
one sentence for another" but instead Murphy "availed himself of his
right to have the first sentence annulled so that another sentence might

6

be rendered." Murphy v. Massachusetts, 177 U.S. at 160, 20 S.Ct. at 641.

The Supreme Court held in In re Bradley, 318 U.S. 50, 63 S.Ct. 470, 87 L.Ed. 608 (1943), a case similar to Ex Parte Lange, that where petitioner "had complied with a portion of the sentence which could lawfully have been imposed," a "subsequent amendment of the sentence could not avoid the satisfaction of the judgment." In re Bradley, 318 U.S. at 52, 63 S.Ct. at 471. Bradley was sentenced for contempt to six months imprisonment and a $500 fine. Three days after Bradley was taken into custody, his attorney paid the fine on his behalf. Later that day, the court realized the sentence was erroneous in that the sentence could be a fine *or* imprisonment. The court delivered an order amending the judgment to omit the fine. The Supreme Court ordered that Bradley be discharged from custody.

In Bozza v. United States, Bozza was convicted of violating the internal revenue laws in connection with the operation of a still. The penalty required was a mandatory fine of $100 *and* imprisonment. Bozza was sentenced to imprisonment only. Five hours later, he was brought back before the court and the court imposed, in addition to imprisonment, the mandatory fine. Bozza claimed that the additional sentence constituted double jeopardy. In rejecting that claim the Supreme Court observed:

> This Court has rejected the 'doctrine that a prisoner, whose guilt is established by a regular verdict, is to escape punishment altogether because the court committed an error in passing the sentence.' The Constitution does not require that sentencing should be a game in which a wrong move by the judge means immunity for the prisoner. In this case the court 'only set aside what it had no authority to do, and substitute(d)

7

> directions required by the law to be done upon the
> conviction of the offender.' It did not twice put
> petitioner in jeopardy for the same offense. The
> sentence, as corrected, imposes a valid
> punishment for an offense instead of an invalid
> punishment for that offense.

Bozza v. United States, 330 U.S. 160, 166-7, 67 S.Ct. 645, 649, 91
L.Ed.2d 818 (1947) (internal citations omitted).

The United States Court of Appeals for the Eighth Circuit
considered Ex parte Lange and Bradley in its *en banc* decision in Thomas
v. Morris, 844 F.2d 1337 (8th Cir. 1988). In that case, Thomas was
convicted of both attempted robbery and first degree felony murder in
Missouri state court and was sentenced to consecutive sentences of 15
years for attempted robbery and life imprisonment for felony murder, the
15 year sentence to be served first. The convictions were affirmed on
appeal and Thomas thereafter sought post-conviction relief in state
court. After having served approximately eight years of the attempted
robbery sentence, the Governor commuted his 15 year sentence to time
served. One year later, based upon subsequent Missouri Supreme Court
rulings that Missouri law prohibited separate punishments for both the
felony murder and the underlying felony, the trial court vacated
Thomas's attempted robbery conviction but left the felony murder
conviction and life sentence in place. The order was affirmed on appeal.
Thomas sought federal habeas relief on the basis that, once he had
completed his commuted sentence, his "re-sentencing" to the longer
sentence violated double jeopardy. His claim was rejected by the district
court but the Eighth Circuit held that Thomas had satisfied the 15 year
sentence for attempted robbery and his continued confinement for felony
murder constituted double jeopardy. Thomas v. Morris, 844 F.2d 1337,
1342 (8th Cir. 1988) (*en banc*).

8

The United States Supreme Court reversed <u>Thomas v. Morris</u>, in <u>Jones v. Thomas</u>, 491 U.S. 376, 109 S.Ct. 2522, 105 L.Ed.2d 322 (1989). The Supreme Court observed that the Double Jeopardy Clause of the Fifth Amendment affords three protections – protection against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments imposed for the same offense. <u>Jones v, Thomas</u>, 491 U.S. at 380-81, 109 S.Ct. at 2525. In the multiple punishments context, the Double Jeopardy Clause protects the interests in ensuring that the total punishment does not exceed that authorized by the legislature.   <u>Id.</u>

> Given that, in its application to the case before us, "the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended," the state-court remedy fully vindicated respondent's double jeopardy rights.  The Missouri court vacated the attempted robbery conviction and sentence and credited the time that respondent had served under that conviction against the remaining sentence for felony murder. This remedy of crediting time already served against the sentence that remained in place is consistent with our approach to multiple punishments problems in other contexts. Respondent now stands convicted of felony murder alone, and his continued confinement under the single sentence imposed for that crime is not double jeopardy.

<u>Jones v. Thomas</u>, 491 U.S. at 381-82, 109 S.Ct. at 2526 (internal citations omitted).

Justice Kennedy, in writing for the majority in <u>Jones v. Thomas</u>, rejected the contention that <u>Lange</u> stands for the broad proposition, which he described as dictum, that once a defendant served one of two alternative punishments, the power of the court to punish the defendant

9

further is gone. Instead, Justice Kennedy limited <u>Lange</u> as holding only that "the Double Jeopardy Clause prohibits punishment in excess of that authorized by the legislature." <u>Jones v. Thomas</u>, 491 U.S. at 383, 109 S.Ct. at 2526. While noting that strict application of <u>Bradley</u> would support Thomas' position, Justice Kennedy distinguished both <u>Lange</u> and <u>Bradley</u> as cases involving alternative punishments for a single act rather than separate sentences imposed for separate crimes. "While it would not have been possible to 'credit' a fine against time in prison, crediting time served under one sentence against the term of another has long been an accepted practice." <u>Jones v. Thomas</u>, 491 U.S. at 384, 109 S.Ct. at 2527.

Justice Scalia, writing in dissent and joined by three other justices, rejected Justice Kennedy's limitation of <u>Lange</u> and <u>Bradley</u>, concluding that Thomas had a legitimate expectation of finality in his sentence. The trial court had the authority to impose either a 15 year sentence for attempted robbery or a life sentence for felony murder but not both. Once Thomas served the 15 year sentence, the trial court was prohibited from correcting its error by sentencing Thomas instead to life imprisonment for felony murder. <u>Jones v. Thomas</u>, 491 U.S. at 394-96, 109 S.Ct. at 2532-33 (Justice Scalia, dissenting).

Justice Kennedy concluded that the Double Jeopardy Clause does not exist to provide unjustified windfalls. <u>Jones v. Thomas</u>, 491 U.S. at 387, 109 S.Ct. at 2529. Justice Scalia's response is instructive.

> The Double Jeopardy Clause is and has always been, not a provision designed to assure reason and justice in the particular case, but the embodiment of technical, prophylactic rules that require the Government to turn square corners. Whenever it is applied to release a criminal deserving of punishment it frustrates justice in the

10

> particular case, but for the greater purpose of
> assuring repose in the totality of criminal
> prosecutions and sentences.  There are many
> ways in which these technical rules might be
> designed.  We chose one approach in Bradley -
> undoubtedly not the only possible approach, but
> also not one that can be said to be clearly wrong.
> (The fact that it produces a "windfall" separates it
> not at all from other applications of the double
> jeopardy guarantee.)  With technical rules, above
> all others, it is imperative that we adhere strictly
> to what we have stated the rules to be.  A
> technical rule with equitable exceptions is no rule
> at all.  Three strikes is out.  The State broke the
> rules here, and must abide by the result.

Jones v. Thomas, 491 U.S. at 396, 109 S.Ct. at 2533 (Justice Scalia,
dissenting).

The foregoing Supreme Court precedents make it clear that, where
the petitioner challenges his sentence, on remand the sentencing judge
may impose any sentence he could have lawfully imposed for the crime
in the first instance.  On remand from the South Dakota Supreme Court,
the circuit court was authorized to sentence Litschewski on Count II to
any sentence that was authorized.  A consecutive sentence was not
authorized and, upon resentencing, the sentence on Count II was not
imposed consecutive to any other sentence.

The sentence imposed on Count I is another matter.  Petitioner did
not challenge the sentence imposed on Count I when he sought relief in
2010.  Upon remand from the South Dakota Supreme Court, the circuit
court imposed a longer sentence on Count I than originally imposed in
that it was now set to run consecutively to another sentence.  Although
such sentence was authorized under state law – both at the time of the
original sentence and in 2012 when the sentence was amended – the
sentence was imposed in violation of the Double Jeopardy Clause.

11

Petitioner was originally charged with three separate offenses which occurred on three separate dates.  Although he was tried on those three charges at one trial, separate judgments were entered for each offense, as required by South Dakota law.   In federal prosecutions, where there are multiple counts, the Federal Sentencing Guidelines require the district court to treat the counts "as a package, using consecutive and concurrent sentences so as to impose the proper total punishment." United States v. Evans, 314 F.3d 329, 332 (8th Cir. 2002).  In such a case, a successful appeal of the sentence on one of the counts "usually will unbundle" the multi-count sentence package.  Id.  In such a case, the district court does have jurisdiction to re-open sentencing on all counts upon remand.  Id.

The United States Court of Appeals for the Eighth Circuit has held that "[b]ecause the defendant has no legitimate expectation of finality in any discrete part of an interdependent sentence after a partially successful appeal or collateral attack, there is no double jeopardy bar to enhancing an unchallenged part of an interdependent sentence to fulfill the court's original intent."  United States v. Evans, 313 F.2d at 333. "[A] defendant who successfully appeals one part of a multi-count sentencing package has no expectation of finality as to any part of the sentence.  Therefore, the Double Jeopardy Clause does not bar resentencing on all counts to carry out the sentencing judge's original intent."  Id.

The question in this case is whether in South Dakota state court, where separate judgments are issued as to each count of conviction, resentencing petitioner as to a count that he has already served amounts to double jeopardy.  I find that it does.  I further find that the South Dakota Supreme Court's denial of petitioner's double jeopardy claim is

12

both an incorrect and an unreasonable application of federal law. The 2012 amended judgment on Count I must be vacated and the 1997 judgment on Count I reinstated. The 2012 judgments on Counts II and III were not challenged herein and will not be disturbed.

I am mindful of the concern that granting relief in this case works a windfall of sorts. Petitioner was originally sentenced to a total sentence of 27 1/2 years. The effect of the ruling herein is that petitioner's sentences on Counts I and II run concurrently and, together with the consecutive sentence on Count III, results in a total sentence of 20 years custody. As Justice Scalia observed in <u>Jones v. Thomas</u>, strict application of the rule prohibiting double jeopardy may frustrate justice in this particular case by reducing the total sentence for a criminal deserving of punishment, but it does so for a greater purpose. <u>Jones v. Thomas</u>, 491 U.S. at 396, 109 S.Ct. at 2533 (Justice Scalia, dissenting).

**ORDER**

Now, therefore

IT IS ORDERED that the amended petition for a writ of habeas corpus (Doc. 26) is granted. Petitioner's 2012 sentence on Count I of the state court indictment is vacated and the original amended judgment sentencing petitioner to 7 1/2 years custody on Count I is reinstated.

Dated this 23rd day of December, 2014.

BY THE COURT:

CHARLES B. KORNMANN
UNITED STATES DISTRICT JUDGE