

**FILED**
FEB 11 2015

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| RICHARD LITSCHEWSKI, | 1:13-CV-01013-CBK |
| Petitioner, | |
| vs. | ORDER |
| ROBERT DOOLEY, WARDEN; AND MARTY JACKLEY, ATTORNEY GENERAL OF THE STATE OF SOUTH DAKOTA; | |
| Respondents. | |

I entered an order granting the amended petition for a writ of habeas corpus on December 23, 2014. Respondents filed a notice of appeal and a motion to stay the judgment pending appeal. Petitioner has filed a motion for release. Respondents admit that, based upon the finding that the South Dakota Circuit Court had no authority to resentence the defendant so as to extend a sentence that was already served (which finding is resisted by respondents), petitioner is entitled to immediate release from the South Dakota State Penitentiary. In fact, he finished serving the three sentences several years ago.

Pursuant to Fed. R. App. P. 23(c), petitioner is entitled to be released pending an appeal by the respondents unless this or another court orders otherwise. The United States Supreme Court has held that Rule 23(c) creates a presumption of release. Hilton v. Braunskill, 481 U.S. 770, 774, 107 S.Ct. 2113, 2118, 95 L.Ed.2d 724 (1987). The standards relating to stays generally as set forth in Fed. R. App. P. 8(a) also apply to requests for stays in habeas proceedings. Hilton v. Braunskill, 481 U.S. at 776, 107 S.CT. at 2119. This Court must consider:

> (1) whether the stay applicant has made a strong showing the he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

Id.

> Since the traditional stay factors contemplate individualized judgments in each case, the formula cannot be reduced to a set of rigid rules. The Court of Appeals [for the Third Circuit] agreed that the possibility of flight should be taken into consideration, and we concur in that determination. We also think that, if the State establishes that there is a risk that the prisoner will pose a danger to the public if released, the court may take that factor into consideration in determining whether or not to enlarge him. The State's interest in continuing custody and rehabilitation pending a final determination of the case on appeal is also a factor to be considered; it will be strongest where the remaining portion of the sentence to be served is long, and weakest where there is little of the sentence remaining to be served.
>
> The interest of the habeas petitioner in release pending appeal, always substantial, will be strongest where the factors mentioned in the preceding paragraph are weakest. The balance may depend to a large extent upon determination of the State's prospects of success in its appeal. Where the State establishes that it has a strong likelihood of success on appeal, or where, failing that, it can nonetheless demonstrate a substantial case on the merits, continued custody is permissible if the second and fourth factors in the traditional stay analysis militate against release. Where the State's showing on the merits falls below this level, the preference for release should control.

Hilton v. Braunsill, 481 U.S. at 777-78, 107 S.Ct. at 2119-20 (internal citations omitted).

Respondents contend that that they are likely to succeed on the merits of their appeal because I stated in my memorandum opinion that neither party cited any case directly on point. Respondents claim that my observation shows there was no clearly established federal law as determined by the United States Supreme Court and therefore the state court could not have made an unreasonable application of Supreme Court precedent. Respondents misunderstand my comment. I was not lamenting any lack of federal precedent but instead softly chastising counsel for failing to address Supreme Court precedent directly on point.

Respondents have not shown a likelihood of success on the merits of their appeal.

Respondents contend that they will be irreparably harmed absent a stay because they have not obtained a psychosexual evaluation of the petitioner to assess the petitioner's actual risk of reoffending versus his low actuarial risk. Respondents fail to comprehend that petitioner's risk of reoffending is of no consequence here. He is entitled to be released since he has served

his sentence. Even if I am wrong and the Court of Appeals reverses, at some point petitioner will be released notwithstanding any risk of reoffending.

Respondents have failed to show that they will be irreparably injured absent a stay.

Respondents failed to address any substantial injury to the other party, that is, the petitioner, if they are granted a stay. Respondents have set forth the good time calculations as to the first two convictions and admit that petitioner had begun serving his final 7 1/2 year sentence on July 1, 2005, "causing it to expire in the past." That is an understatement, to say the least. Even with no good time credits, petitioner's sentence would have expired over two years ago. Respondents failed to calculate the good time credits applicable to the final sentence and have failed to advise the Court of the date he should have been released, given my ruling. They should have done so. Despite the fact that petitioner has already served at least two years more than he should have, respondents contend he should be imprisoned for even longer while they appeal my decision.

Respondents have failed to show that no other party will be harmed by a stay.

Finally, respondents contend that the public interest requires a stay resulting in petitioner's continued imprisonment. As I set forth previously, at some point the petitioner will be entitled to release, he having served the sentences imposed for his crimes. He was not granted parole and so he will not be supervised upon his release. Nonetheless, petitioner is subject to mandatory sex offender registration rules upon his release. The result is that law enforcement will know at all times where petitioner is residing. Petitioner's failure to follow the strict rules regarding registration and updating registration would most certainly result in new criminal charges against petitioner.

Respondents have failed to show that the public interest requires a stay.

Respondents have failed to rebut the presumption that petitioner is entitled to release pending their appeal of my order granting the petition for a writ of habeas corpus. Petitioner has already served more time than allowable under the law and the sentences imposed for his crimes. He will be irreparably harmed by the imposition of a stay pending appeal.

Now, therefore,

IT IS ORDERED that the respondents' motion, Doc. 45, for a stay pending appeal is denied. Petitioner's motion, Doc. 50, for release is granted. Petitioner shall be released immediately, without any further delay. Failure to immediately follow the directive of the court will result in monetary and other sanctions being imposed.

DATED this 10th day of February, 2015.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge